UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KEVIN GRANNING,            ) | |
|           Plaintiff, ) | |
| v.                         ) | No. 1:08-cv-846-LJM-JMS |
| CORRECTIONAL MEDICAL       ) | |
|   SERVICES, *et al.*       ) | |
|           Defendants. ) | |

**Entry Discussing State Defendants' Motion to Dismiss**

Kevin Granning, a state prisoner, alleges that he was injured while working for Pen Products while under the supervision of Paul Leeka, Reggie Leisure, and Dave Holmes ("the State defendants"). Granning has filed this action concerning both the fact of the injuries and his medical care thereafter.[1] The State defendants seek dismissal of the claims against them.

Granning has responded to the State defendants' motion to dismiss, and in doing so has indicated his agreement that the claim against Pen Products is not viable. As to that claim, therefore, the motion to dismiss is **granted.** Having considered the motion to dismiss, Granning's response, and the State defendants' reply, the motion to dismiss is **denied** as to the State defendants.

**I. Background**

The original complaint, the amended complaint, and the court's docket reflect the following:

1. Granning was injured on July 31, 2006. The State defendants are alleged to have allowed the injury to occur. They are not named in the complaints concerning medical care.

2. Granning filed his original complaint on June 18, 2008, in the United States District Court for the Northern District of Indiana. The original complaint named Pen Products, Plant Manager Paul Leaka, Production Supervisor Reggie Leisure, and Department Foreman Dave Holmes as defendants and alleged the following:

---

[1] Granning also alleges claims related to the medical care he received after the injury. In relation to those claims, he names Correctional Medical Services, Inc., Mary Mansfield, David Solotkin, M.D. and Perry Dobyns, M.D. These defendants have filed a separate motion for summary judgment and the claims alleged against these medical defendants are not addressed in this Entry.

. . . .

    2. Granning worked as a set-up man, in vegetable preparation, and in the course of his duties was required to move a conveyor belt assembly.

    3. As Granning was moving the conveyor belt, it slid sideways down an incline of a truck loading dock. This conveyor belt assembly was defective and Pen Products, their agents, actors and personnel failed to maintain proper maintenance and upkeep of the conveyor. Pen Products and their personnel acted with deliberate indifference and negligence in not maintaining their equipment which resulted in Granning being severally injured and disfigured.

    4. When the conveyor belt started to tip over, Granning was caught underneath it.

    5. The conveyor landed an inch or so above his right knee, breaking and crushing his leg.

. . . .

3.     The case was transferred to this court on June 19, 2008. The initial partial filing fee was paid on August 14, 2008.

4.     The complaint was screened on October 14, 2008, and the plaintiff was directed to file an amended complaint which stated a viable Eighth Amendment claim.

5.     The amended complaint was signed on November 12, 2008, and filed with the clerk on November 18, 2008. The amended complaint contains additional allegations against the State defendants regarding the presence of deliberate indifference.

6.     The amended complaint was screened on February 24, 2009, and the clerk was instructed to issue process to the defendants.

## II. Discussion

The State defendants first argue in their motion to dismiss that the claim against them is barred by the applicable statute of limitation. Although the statute of limitations is an affirmative defense which, in general, a party asserting a claim need not anticipate, see, e.g., *United States Gypsum Co. v. Indiana Gas Co.,* 350 F.3d 623, 626 (7th Cir. 2003); *Leavell v. Kieffer,* 189 F.3d 492, 494 (7th Cir. 1999), "dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Foundation, Inc. v. Cerberus Capital Management, LP,* 559 F.3d 671, 674 -675 (7th Cir. 2009).

The claim asserted against the State defendants is brought pursuant to 42 U.S.C. § 1983, and hence in Indiana must be brought within Indiana's 2-year statute of limitations for personal injury actions. *Forman v. Richmond Police Department,* 104 F.3d 950 (7th Cir. 1997)("[T]he two-year Indiana statute of limitations for personal injuries (IND.CODE §

34-1-2-2) applies to § 1983 claims.")(citing *Perez v. Sifel,* 57 F.3d 503, 505 (7th Cir. 1995)). When a § 1983 claim accrues it is an issue of federal law, see *Sellars v. Perry,* 80 F.3d 243, 245 (7th Cir. 1996), and the federal rule is that a cause of action accrues "when the plaintiff has a 'complete and present cause of action' . . . that is 'when the plaintiff can file suit and obtain relief.'" *Wallace v. Kato*, 127 S. Ct. 1091, 1095 (2007).

Here, the parties agree that Granning's cause of action accrued on July 31, 2006. The original complaint, in which the State defendants were named, was filed within the 2-year statute of limitations, whereas the amended complaint was filed months after that statute of limitations expired. The question then, is whether the claims alleged against the State defendants in the amended complaint relate back to the original complaint.

The current, amended version of Rule 15(c) provides as follows:

(c) Relation Back of Amendments

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out or attempted to be set out in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint [*i.e.*, within 120 days following the filing of the complaint], the party to be brought in by amendment:

    (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

    (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c).

It is quite evident that the Eighth Amendment claim against the State defendants in the amended complaint is based on the same conduct, transaction, and occurrence set out or attempted to be set out in the original complaint–namely, the plaintiff's injuries arising out of these defendants' alleged failure to properly maintain the conveyor belt. This satisfies the "relation back" test of Rule 15(c)(1)(B).

The State defendants argue, however, that even though they were named in the original complaint they should be treated as newly added defendants because they were not served until February 24, 2009, almost seven months after the statute of limitation expired and that they had no notice of a lawsuit until that time. This argument ignores the fact that Granning's request to proceed *in forma pauperis* was granted early on in the case. Once this occurred, responsibility for serving the complaint and summons shifted from Granning to the court. As 28 U.S.C. 1915(d) explains, "[t]he officers of the court shall issue

and serve all process and perform all duties" for plaintiffs granted *in forma pauperis* status. FED. R. CIV. P. 4(c)(3) provides that the district court "must" order service by the Marshal if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915. Therefore, a plaintiff proceeding *in forma pauperis* shows good cause for not serving process within the time required when either the district court or the United States Marshals Service fails to fulfill its obligations under § 1915(d) and Rule 4(c)(3).[2] It can also be noted here that the requirement of notice or service of process in Rule 15(c)(1)(C) is not contained in Rule 15(c)(1)(B), and the former rule only pertains to a situation in which the amendment "changes the party or the naming of the party against whom a claim is asserted." As already noted, in this case the State defendants were named in the original complaint.

Next, the State defendants contend that "this court has already held in this case that the original complaint is wholly insufficient to put the named defendants on notice of the nature of the claims." This misstates the court's Entry of October 14, 2008, in which this court dismissed the complaint in a screening order "based on the absence in the complaint of allegations suggesting that any defendant acted with the necessary subjective element of deliberate indifference." The Entry went on to state that the dismissal of the complaint did not result in the dismissal of the action. See *Benjamin v. United States,* 833 F.2d 669, 671 (7th Cir. 1987). It was possible that Granning could present a sufficient claim if he alleged the deliberate indifference of one or more of the State defendants. Based on the Entry of February 24, 2009, this is precisely what Granning did in the amended complaint. The insufficiency of the Eighth Amendment claim in the original complaint does prevent a legally sufficient claim in the amended complaint based on the same conduct and events identified in the original complaint relating back to the filing of the original complaint.

Accordingly, the State defendants' argument that the statute of limitations bars the Eighth Amendment claims against them in the amended complaint is without merit.

### III. Conclusion

The motion to dismiss (dkt 30) is **granted in part and denied in part.** The motion is **granted as to the claim against Pen Products**. The motion is **denied as to claims against the State defendants.**

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date: 12/02/2009

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

---

[2] *E.g., Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003); *Lindsey v. United States R.R. Retirement Bd.*, 101 F.3d 444, 447 (5th Cir. 1996); *Byrd v. Stone*, 94 F.3d 217, 219-20 (6th Cir. 1996); *Welch v. Folsom*, 925 F.2d 666, 670 (3d Cir. 1991); *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).

Distribution:

James F. Bleeke, SWEETIN & BLEEKE PC
jim@sweetinbleeke.com

Jeb Adam Crandall, SWEETIN & BLEEKE PC
jeb@sweetinbleeke.com

David A. Arthur
INDIANA OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov

Kevin Granning
DOC #129628
Miami Correctional Facility
PO Box 900
Bunker Hill, IN 46914