**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| KEVIN GRANNING, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CORRECTIONAL MEDICAL )<br>  SERVICES, *et al.* )<br>)<br>Defendants. ) | No. 1:08-cv-846-LJM-JMS |

**Entry Discussing Motion for Summary Judgment**

As used in this Entry, "Granning" refers to plaintiff Kevin Granning, and "the medical defendants" refers to Correctional Medical Services, Mary Mansfield, Dr. Solotkin, and Dr. Dobyns. Granning claims in this action brought pursuant to 42 U.S.C. § 1983 that the medical defendants violated his constitutional rights by exhibiting deliberate indifference to his serious medical needs while he was incarcerated at the New Castle Correctional Facility ("New Castle") and the Correctional Industrial Facility ("CIF"). The medical defendants seek resolution of the claims against them through the entry of summary judgment.

The medical defendants' motion for summary judgment, as with any such motion, must be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

"When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." **FED.R.CIV.P.** 56(e)(2). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

Granning has not opposed the medical defendants' motion for summary judgment. He has therefore conceded their version of the facts for the purpose of the court resolving such motion. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997); *Johnson v. Gudmundsson,* 35 F.3d 1104, 1108 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

Granning's claims against the medical defendants are asserted pursuant to 42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). The constitutional provision pertinent to Granning's claims against the medical defendants is the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

The Eighth Amendment imposes a duty on prison officials to provide medical care to inmates. *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996). To state a claim for medical mistreatment or denial of medical care, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Although there is no precise test to assess when a plaintiff's medical need is sufficiently serious, the pertinent standard contemplates a condition that has been diagnosed by a doctor as requiring treatment or one that is so obvious that even a lay person would perceive the need for medical treatment. *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005); *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). To establish deliberate indifference, however, a plaintiff must show not only that his medical need was serious but also that "a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad,* 532 F.3d 675, 679 (7th Cir. 2008). For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents "'such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment.'" *Sain v. Wood,* 512 F.3d 886, 895 (7th Cir. 2008) (quoting *Collignon v. Milwaukee County,* 163 F.3d 982, 988 (7th Cir. 1998)); *see also Johnson v. Doughty,* 433 F.3d 1001, 1013 (7th Cir. 2006).

The evidentiary record in this case reveals the following:

- On July 31, 2006, Granning injured his leg. He was prescribed Vicodin for pain and sent to Wishard Memorial Hospital.

- Upon his arrival at New Castle from Wishard Hospital on August 1, 2006, Granning was diagnosed with a left tibia and fibula fracture, was admitted to the infirmary, and was prescribed Lortab for pain management. Granning was instructed to elevate his leg and remain on bed rest.

- Due to a post-op fever, Granning was returned to Wishard Hospital on August 1, 2006.

- Upon Granning's return to New Castle on August 3, 2006, he was readmitted to the infirmary and prescribed Lortab for pain management. On August 4, 2006, Granning was discovered hoarding his narcotic strength pain medications. He was therefore prescribed a non-narcotic strength pain medication. Dr. Dobyns concluded that Granning did not need narcotic strength pain medication to treat his injury.

- Crutches were also prescribed for Granning's injury.

- Dr. Solotkin assumed Granning's care upon his transfer from New Castle to CIF for rehabilitation and physical therapy on September 8, 2006. At that time, Granning was prescribed Naprosyn for 90 days for pain management, Zantac to protect his stomach and liver from the pain medication, crutches, and a bottom bunk pass. An orthopedic consultation was also requested in 90 days based on the recommendation given upon Granning's discharge from Wishard. On September 29, 2006, Granning was prescribed Tylenol III for nighttime pain management for 30 days.

- On October 19, 2006, Granning's hepatitis panel and liver tests were within normal limits. Based on these test results, Dr. Solotkin concluded that the Naprosyn was not negatively affecting Granning's liver.

- On November 7 and December 1, 2006, x-rays were taken of Granning's right leg. Although the fracture was healing slowly, Dr. Solotkin concluded that there was nothing out of alignment. On January 9, 2007, Granning was seen at an orthopedic consultation.

- Dr. Solotkin's opinion is that any delay in sending Granning for a follow up orthopedic consultation did not negatively affect his fracture; this opinion is based on the x-ray results and the conclusions and comments from the consulting orthopedic specialist.

- Starting in February of 2007, Granning received physical therapy for his injury.

Given the nature of Granning's injury, the court does not question Granning's serious medical need for treatment of the broken leg, including pain management. A court examines the totality of an inmate's medical care when determining whether prison officials have been deliberately indifferent to an inmate's serious medical needs. *Reed v. McBride,* 178 F.3d 849, 855 (7th Cir. 1999). Based on the record described above, Granning received constitutionally adequate medical care. When the injury occurred, Granning was given pain medication and sent to an outside hospital. Thereafter, medical staff examined his injury regularly, prescribed appropriate pain medication, gave him crutches and a bottom bunk pass, and provided physical therapy. Granning offers no evidentiary basis on which to conclude that the medical defendants were not exercising reasonable professional judgment when assessing and treating his medical condition and needs. As to the period of time between the injury and the orthopedic consultation, it is true that delaying treatment

of a serious medical condition can constitute deliberate indifference, but to prove such a claim the inmate must produce medical evidence "'to establish the detrimental effect of delay in medical treatment.'" *Langston v. Peters,* 100 F.3d 1235, 1240 (7th Cir. 1996)(quoting *Byerbach v. Sears,* 49 F.3d 1324, 1326 (8th Cir. 1995)). Granning has not done so here. On the contrary, as to that facet of his care, as well as other features, the evidentiary record negates the presence of the subjective state of mind required to show deliberate indifference, *i.e.,* that the medical defendants were "subjectively aware of [Granning's] serious medical needs and disregarded an excessive risk that a lack of treatment posed to his health or safety." *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001).

Although "'federal courts must take cognizance of the valid constitutional claims of prison inmates,'" *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996) (quoting *Turner v. Safley,* 482 U.S. 78, 84 (1987)), Granning has presented no claim of that nature in this case. For the reasons explained in this Entry, therefore, the medical defendants' motion for summary judgment (dkt 36) is **granted**. This ruling does not resolve all claims against all parties. No partial final judgment shall issue as this time as to the claims resolved in this Entry.

   **IT IS SO ORDERED.**

Date: 12/02/2009

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

James F. Bleeke
SWEETIN & BLEEKE PC
jim@sweetinbleeke.com

Jeb Adam Crandall
SWEETIN & BLEEKE PC
jeb@sweetinbleeke.com

David A. Arthur
INDIANA OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov

Kevin Granning
DOC #129628
Miami Correctional Facility
PO Box 900
Bunker Hill, IN 46914