# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

KEVIN GRANNING, )
)
           Plaintiff, )
v. ) No. 1:08-cv-846-TWP-MJD
)
PAUL LEEKA, *et al.* )
)
           Defendants. )

## Entry Discussing Motion for Summary Judgment
## and Directing Entry of Final Judgment

For the reasons explained in this Entry, the defendants' motion for summary judgment [96] must be **granted.**

## Discussion

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.,* 534 U.S. at 532. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted).

This is a civil rights action in which plaintiff Kevin Granning, a state prisoner, claims that he was injured while working for Pen Products at the Correctional Industrial Facility ("CIF") under the supervision of defendants Paul Leeka, Reggie Leisure, and Dave Holmes.[1] The defendants seek resolution of Granning's claim through the entry of summary judgment. This resolution is sought based on their argument and evidentiary materials supporting their affirmative defense that the plaintiff failed to exhaust available administrative remedies prior to filing this action. The defendants support their motion for summary judgment with materials indicating that Granning's claims were within the scope of an available administrative remedy process at the CIF and that Granning failed to properly exhaust those administrative remedies prior to filing this action. Specifically, the evidence offered by the defendants shows that there is no record that Granning filed a grievance concerning working conditions, either before or after he was injured on July 31, 2006. There is also no record that Granning filed a grievance complaining that he had been denied a grievance form.

---

[1] Claims against Pen Products were withdrawn and against Correctional Medical Services, Mary Mansfield, Dr. Solotkin, and Dr. Dobyns were resolved through the entry of summary judgment in their favor.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting FED. R. CIV. P. 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The non-moving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." FED. R. CIV. P. 56(e)(2).

Granning has not filed an opposition or any other response to the motion for summary judgment. The consequence of his failure to respond or oppose the defendants' motion is that he has conceded the defendants' versions of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56.1(h), of which Granning was notified. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).[2]

The evidentiary materials submitted by the defendants include the plaintiff's deposition, in which he states that he was denied access to grievance forms to initiate the administrative remedy process available to him. This statement is suggestive of the possibility that the CIF administrative remedy process was not "available" to Granning. *See, e.g., Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting"). However, this testimony is conclusory at best, and conclusions are not "facts to which an affiant is competent to testify. . . ." *Pfeil v. Rogers,* 757 F.2d 850, 862 (7th Cir. 1985), *cert. denied,* 475 U.S. 1107 (1986). After all, "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990). This is thus a situation similar to that recently considered in *Hurst v. Hantke,* 2011 WL 470157 (7th Cir. Feb. 10, 2011), in which a plaintiff's failure to properly oppose a motion for summary judgment based on the PLRA's exhaustion requirement has doomed his claim. "But when the plaintiff sued, and the

---

[2]    The court may require strict compliance with Local Rule 56.1. *See Ammons v. Aramark Uniform Serv., Inc.,* 368 F.3d 809, 817 (7th Cir. 2004); *Bordelon v. Chicago School Reform Board of Trustees,* 233 F.3d 524, 527 (7th Cir. 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process). Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Cady v. Sheahan,* 467 F.3d 1057, 1061 (7th Cir. 2006); *see also Koszola v. Bd. of Educ. of the City of Chicago,* 385 F.3d 1104, 1108 (7th Cir. 2004). "We have . . . repeatedly held that a district court is entitled to expect strict compliance with [Local] Rule 56.1." *Cichon v. Exelon Generation Co., L.L.C.,* 401 F.3d 803, 809 (7th Cir. 2005).

defendants moved for summary judgment, it behooved him to present evidence to support his contention that he had indeed exhausted his available administrative remedies by filing a grievance as soon as it was reasonably possible for him to do so. Although warned by the district court that he had to meet the motion for summary judgment with evidence, the plaintiff presented none. And so he lost." *Id.* at *2 (Internal citation omitted).

The undisputed evidentiary record shows that Granning failed to use the administrative remedy procedure available to him at the CIF relative to the claim he asserts against defendants Paul Leeka, Reggie Leisure, and Dave Holmes. The consequence of his failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that this action should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that all dismissals under § 1997e(a) should be without prejudice."). The defendants' motion for summary judgment [96] is **granted.**

The ruling in this Entry resolves the remaining claims in the case. Judgment consistent with this Entry and with the prior rulings shall now issue.

**IT IS SO ORDERED.**

Date: 02/15/2011
_____

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana